UNITED STATES v. POLAND et al.

(Third Division.   Valdez.   March 23, 1915.)

No. 593.

1. PUBLIC   LANDS   ⬅⬎35(2)—SOLDIER'S   ADDITIONAL   HOMESTEAD
    SCRIP.
        On January 20, 1908, a patent for less than 160 acres of land, situate on the shore of Resurrection Bay, near Seward, Alaska, and designated as United States survey No. 241, was issued to the defendant Poland, as assignee of the rights of another qualified locator, under the soldier's additional homestead laws of the United States. On March 22, 1909, a second patent was issued to Poland, for another tract of 160 acres, known as United States survey No. 242. The second tract adjoins the first, on the northerly side, but does not reach to or abut on the waters of the bay. On a suit by the United States to vacate the second patent for fraud, *held*, the act of Congress of March 3, 1903 (32 Stat. 1028, c. 1002 [U. S. Comp. St. 1916, § 5046]), provides that, in Alaska, "along the shore of any navigable water a space of at least eighty rods shall be reserved from entry between all such claims"; but the second tract in this case is not along the shore of any navigable water, but is on the landward side of the first tract, and the act does not forbid the second entry.

---

⬅⬎See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PUBLIC LANDS ⊙═35(2)—SOLDIER'S ADDITIONAL HOMESTEAD SCRIP.

The defendant entered two separate tracts of 160 acres each, and paid for them with soldier's additional homestead scrip, under the provisions of the act of Congress of March 3, 1903 (32 Stat. 1028, c. 1002 [U. S. Comp. St. 1916, § 5046]). On a suit to vacate the patent to the second entry for fraud, *held*, the law does not restrict one individual from acquiring title to two or more separate tracts under the act in question, even if the same be adjoining and contiguous. The limitation in the statute is that no more than 160 acres shall be entered in any single body, but it does not prohibit the location of two or more such bodies, and does not forbid the locations on contiguous and adjoining tracts of land.

On January 20, 1908, a patent for a fraction less than 160 acres of land, situate on the shore of Resurrection Bay, near Seward, Alaska, and designated as United States survey No. 241, was issued to the defendant Poland, under laws of the United States relating to soldier's additional homesteads. On the 22d day of March, 1909, a second patent was issued to said defendant Poland for 160 acres of land embraced within United States survey No. 242, which adjoins the said survey No. 241, on the northerly side, applications for patent to both of said surveys Nos. 241 and 242 having been made on the 26th day of April, 1906, in the United States land office at Juneau, Alaska.

The plaintiff brings this action to cancel the patent for the land embraced in said survey No. 242 for the reason that it is in violation of the terms of an act of Congress approved March 3, 1903 (32 Stat. 1028, c. 1002 [U. S. Comp. St. 1916, § 5046], being section 101, Comp. Laws Alaska 1913), which provides that "no more than 160 acres shall be entered in any single body by such scrip, lieu selection, or soldier's additional homestead right"; plaintiff's contention being that the said two surveys, being contiguous, constitute a "single body" within the meaning of said law.

Plaintiff's complaint alleges that the Assistant Commissioner of the General Land Office, under the erroneous and mistaken belief·that the laws gave said Poland a right to said land, and that he was entitled under the law to receive patent therefor, mistakenly and erroneously, without authority, and in violation of law, and without jurisdiction so to do,

approved the entry and application of the said Poland for the land embraced within said survey No. 242.

The complaint further alleges that Poland filed or caused to be filed in the United States Land Office at Juneau, Alaska—

"in support of his said application for a patent to the land embraced in said survey No. 242, an affidavit, subscribed and sworn to by H. E. Revell and Frank Ballaine, which affidavit contained the following false statement: Said tract of land [referring to the land embraced in said survey No. 242] does not exceed 160 acres in extent, and is in frontage less than 160 rods along the shore of any navigable water, and is more than eighty rods distant from any other survey or entry under the provisions of said act of May 14, 1898—the act referred to in said statement being the act of Congress entitled 'An act extending the homestead laws and providing for a right of way for railroads in the District of Alaska, and for other purposes' approved May 14, 1898, as amended by the act of Congress entitled 'An act to amend section one of the act of Congress approved May fourteenth, eighteen hundred and ninety-eight, entitled "An act extending the homestead laws and providing for a right of way for railroads in the district of Alaska," approved March 3, 1903.'"

Wm. N. Spence, U. S. Dist. Atty., of Valdez, and Guy B. Brubaker, Asst. U. S. Dist. Atty., for the United States.

S. O. Morford, of Seward, for defendants.

BROWN, District Judge. I know of no law requiring one location or survey under said act to be distant 80 rods from any other survey or entry made under the provisions of the said act. Said act does provide that "along the shore of any navigable water a space of at least 80 rods shall be reserved from entry between all such claims." But survey No. 242 is not along the shore of any navigable water, but is on the northerly or landward side of said survey No. 241, which is along the shore of Resurrection Bay. If one location or entry under said act was required to be 80 rods distant from another survey or entry under the provisions of the same act, it would lead to a manifest absurdity, in that each location or survey would stand alone, surrounded by vacant lands on each side and corner, a distance of 80 rods in each direction.

The United States attorney contends that the intent of Congress in enacting this law was to restrict one individual from acquiring title to more than 160 acres, even by separate locations and entries if the same be contiguous, but the act

does not say so. It simply says that not more than 160 acres shall be entered in any single body. The words "locate" and "enter" are practically synonymous, each being a step or proceeding in the matter of acquiring title from the United States to public lands.

The United States mining laws for many years have provided that no location of a placer claim shall exceed 160 acres for any one person or association of persons (section 2330, Rev. St. [U. S. Comp. St. 1916, § 4629]), but it has never been claimed that this restricted the same person or association of persons from making two locations immediately adjoining. The same reasoning would apply to one case as to the other; but in this case, if Congress intended to restrict an individual from locating or acquiring title to more than one 160-acre tract of land, it would have been very easy to have expressed that intent. It seems to me that it would violate all rules of statutory construction if we should read into said act something which was not expressed in it. The language is plain, clear, and complete, and does not require any forced construction to ascertain its meaning or intent.

Congress, wherever it has sought to restrict the right of an individual to more than one claim or to a certain number of acres, has always expressly provided such restriction; for instance, in limiting an individual to one homestead, or one pre-emption claim, or other claims upon the public domain of the United States. The only limitation sought to be made upon the number of claims which can be located in Alaska was by an act of Congress, approved August 1, 1912 (37 Stat. 242, c. 269), being section 129c, Comp. Laws Alaska 1913, which provides that:

"No person shall hereafter locate, cause or procure to be located, for himself, more than two placer mining claims in any calendar month: Provided, that one or both of such locations may be included within an association claim."

It might be argued that it is a useless thing to provide that no more than 160 acres of land shall be entered in one single body under said act of March 3, 1903, if two such locations or claims could be entered or patented and they adjoined each other; but this is exactly what has been done for nearly 50 years, in another class of public land entries.

In the case of placer mining claims, of 160 acres, it might

just as well be asked, why should a claim or location be limited to 160 acres, when two or more of such locations may be entered by the same locators when they adjoin, and virtually constitute one body, tract, or area greatly in excess of the amount limited to a single location? The answer probably is that a limitation must be made somewhere, otherwise one locator could locate the whole country, and it was probably placed at 160 acres as being a reasonable area to be included in one location; the presumption being that the additional expense of locating, surveying, and other expenses attendant upon holding and patenting the ground, will operate as a check on excessive locating or patenting by one individual or association.

In a recent case in the United States District Court for the Western District of Washington, Shenk v. Aumiller, 217 Fed. 969, the court says:

"Reference to the act of August 30, 1890, shows that Congress excluded from entry or settlement 'under any of the land laws * * * more than 320 acres in the aggregate under all of said laws.' This includes every classification. In the construction subsequently placed upon this act Congress referred to only two classifications of land: (a) Agricultural lands; and (b) mineral lands. The primary and general rule of statutory construction is that the intent of the lawmaker must be ascertained, when the language employed is involved and the intent not clearly expressed. The purpose for which the act under consideration is enacted being a matter of first importance in arriving at the solution of the question presented, I think it is proper for the court to consider that the conditions of the United States with relation to increase of population were greatly changed in 1890 from the conditions existing at the dates of the enactment of the various public land laws, and that the spirit of the administration of the public land laws was to benefit the many and not the few. It is common knowledge that in 1890 the public land area open to settlement was becoming very limited. It appears that Congress adopted a new policy by limiting the number of acres to be entered by a person 'under any of the land laws' and 'under all of the laws.'"

Reasoning from like considerations in this case it may be said that conditions in Alaska are very dissimilar from what they are in the states of the Union, and that the Congress of the United States recognized this by fixing 320 acres as the amount which could be taken in a homestead in Alaska. There is little or no danger of monopolization of the nonmineral lands of Alaska by an excessive number of entries being made

by one locator. There was some such tendency in the matter of locating mining claims, which was sought to be checked by the act of August 1, 1912, above referred to. The only likelihood of any monopoly is along the shore line of navigable waters and this is sufficiently guarded against by the provisions in said act of March 3, 1903, reserving 80 acres along the shore of navigable waters between entries made under such act.

I do not see where there is any fraud on the part of the defendant Poland in entering the two said separate tracts of land under said act, even though the same adjoined each other, and the demurrer will have to be sustained.